UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JENNISON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RONALD RACKLEY,<br><br>　　　　　Defendant. | No.  2:14-cv-1564 CKD P<br><br><br>ORDER |

　　　　Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 9.)  This action recently was transferred to the Eastern District of California.  (ECF No. 12.)

　　　　While this action was pending in the Northern District of California, plaintiff filed a a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  (ECF No. 8.)  However, the certificate portion of the request which must be completed by plaintiff's institution of incarceration has not been filled out.  Also, plaintiff has not filed a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint.  (ECF No. 8-1.)  See 28 U.S.C. § 1915(a)(2).  Plaintiff will be provided the opportunity to submit a completed in forma pauperis application and a certified copy in support of his application.

////

Moreover, plaintiff is advised that the complaint fails to state a cognizable claim as to defendant Warden Rackley pursuant to § 1983. See 28 U.S.C. § 1915A(a). As best the court can discern, plaintiff alleges that he is not being provided an adequate diet as he recovers from a 31-day hunger strike, but only a "liquid pureed diet (for broken jaw patients)." (ECF No. 9 at 3.) Plaintiff alleges that months after the strike, he weighs only 112 pounds, experiences chest pains, and has a "complete inability to eat anything solid[.]" (Id.) He requests that "the chef" provide him an appropriate diet. (Id.)

To state a claim under § 1983, a complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Because it is not clear from plaintiff's complaint how Warden Rackley directly participated in denying plaintiff a medically adequate diet, plaintiff is advised that he may submit an amended complaint along with his in forma pauperis application. In this amended complaint, plaintiff may make additional, clarifying allegations as to which individual(s), if any, directly participated in the alleged constitutional deprivation, and naming any such individual as a defendant.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff shall submit, within thirty days from the date of this order, a completed affidavit in support of his request to proceed in forma pauperis on the form provided by the Clerk of Court;

2. The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis By a Prisoner, along with this district's form for filing a prisoner civil rights complaint;

/////

1      3. Plaintiff shall submit, within thirty days from the date of this order, a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint. Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed; and

4. Plaintiff may submit an amended complaint for screening along with his in forma pauperis application.

Dated: August 12, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / jenn1564.3c+.new