1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MICHAEL JENNISON,                          No.  2:14-cv-1564 CKD P

12                 Plaintiff,

13         v.                                     ORDER

14    RONALD RACKLEY,

15                 Defendant.

16

17        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and

18   has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding

19   was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff has

20   consented to this court's jurisdiction pursuant to 28 U.S.C. § 636(c) and Local Rule 302.

21        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

22   § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

23        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

24   1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

25   initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

26   Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

27   month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

28   the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

1

1     exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

2         The court is required to screen complaints brought by prisoners seeking relief against a

3 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

4 court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

5 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

6 monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

7         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

8 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

9 Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

10 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

11 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

12 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

13 Cir. 1989); Franklin, 745 F.2d at 1227.

14         In order to avoid dismissal for failure to state a claim a complaint must contain more than

15 "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

16 of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

17 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

18 statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim

19 upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

20 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

21 the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct.

22 at 1949.  When considering whether a complaint states a claim upon which relief can be granted,

23 the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),

24 and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

25 U.S. 232, 236 (1974).

26         Plaintiff alleges that, while confined at the California Health Care Facility in Stockton,

27 California, he was not provided an adequate diet while recovering from a hunger strike.  (See

28 ECF No. 14 at 2.)  He names the Warden as defendant.  (ECF No. 9.)

1      To state a claim under § 1983, a complaint must allege in specific terms how each named

2  defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some

3  affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo

4  v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v.

5  Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of

6  official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673

7  F.2d 266, 268 (9th Cir. 1982).

8      Here, the complaint does not allege in specific terms that Warden Rackley acted to

9  deprive plaintiff of a medically adequate diet.  As the complaint fails to state a cognizable claim,

10  it will be dismissed. (See ECF No. 14 at 2.)  However, plaintiff will be granted one opportunity to

11  amend the complaint to state a claim.

12      Denial or delay of medical care for a prisoner's serious medical needs may constitute a

13  violation of the prisoner's Eighth and Fourteenth Amendment rights.  Estelle v. Gamble, 429 U.S.

14  97, 104-05 (1976).  An individual is liable for such a violation only when the individual is

15  deliberately indifferent to a prisoner's serious medical needs.  Id.; see Jett v. Penner, 439 F.3d

16  1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v.

17  Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

18      In the Ninth Circuit, the test for deliberate indifference consists of two parts.  Jett, 439

19  F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other

20  grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).  First, the

21  plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's

22  condition could result in further significant injury or the 'unnecessary and wanton infliction of

23  pain.'"  Id., citing Estelle, 429 U.S. at 104.  "Examples of serious medical needs include '[t]he

24  existence of an injury that a reasonable doctor or patient would find important and worthy of

25  comment or treatment; the presence of a medical condition that significantly affects an

26  individual's daily activities; or the existence of chronic and substantial pain.'"  Lopez, 203 F. 3d

27  at 1131-1132, citing McGuckin, 974 F.2d at 1059-60.

28  /////

1   Second, the plaintiff must show the defendant's response to the need was deliberately

2   indifferent.  Jett, 439 F.3d at 1096.  This second prong is satisfied by showing (a) a purposeful act

3   or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the

4   indifference.  Id.  Under this standard, the prison official must not only "be aware of facts from

5   which the inference could be drawn that a substantial risk of serious harm exists," but that person

6   "must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  This "subjective

7   approach" focuses only "on what a defendant's mental attitude actually was."  Id. at 839.  A

8   showing of merely negligent medical care is not enough to establish a constitutional violation.

9   Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106.  A

10   difference of opinion about the proper course of treatment is not deliberate indifference, nor does

11   a dispute between a prisoner and prison officials over the necessity for or extent of medical

12   treatment amount to a constitutional violation.  See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058

13   (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

14   If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

15   complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.

16   Cassidy, 625 F.2d 227 (9th Cir. 1980).  In an amended complaint, he should set forth a "short and

17   plain statement" of his claim and any related claims against the appropriate defendants.

18   In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

19   make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

20   complaint be complete in itself without reference to any prior pleading.  This is because, as a

21   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

22   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

23   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

24   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

25   In accordance with the above, IT IS HEREBY ORDERED that:

26   1.  Plaintiff's request for leave to proceed in forma pauperis is granted;

27   2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees

28   shall be collected and paid in accordance with this court's order to the Director of the California

4

1    Department of Corrections and Rehabilitation filed concurrently herewith;

2         3.  Plaintiff's complaint (ECF No. 9) is dismissed; and

3         4.  Plaintiff is granted thirty days from the date of service of this order to file an amended

4    complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

5    Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

6    assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and

7    two copies of the amended complaint; failure to file an amended complaint in accordance with

8    this order will result in a recommendation that this action be dismissed.

9    Dated:  September 26, 2014

10

11                                            CAROLYN K. DELANEY
                                             UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16   2 /jenn1564.14.new

17

18

19

20

21

22

23

24

25

26

27

28

5